Peter J. Schulz, Esq. (SBN 167646)
pjs@sbrlawsd.com
Tommy U. Schroeder, Esq. (SBN 317542)
ts@sbrlawsd.com
SCHULZ BRICK & ROGASKI
600 West Broadway, Suite 960
San Diego, California 92101
Tel: (619) 234-3660
Fax:  (619) 234-0626

Attorneys for Plaintiffs SKYAN HOLDINGS LLC, SCOTT YANG and KELLY YANG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYAN HOLDINGS LLC; SCOTT YANG; and KELLY YANG,<br><br>    Plaintiffs,<br><br>    v.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>    Defendant. | Case No.: 2:22-cv-00613 RGK (MRWx)<br><br>**PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO STRIKE ANSWER AND MOTION TO REMAND**<br><br>**Hearing Date:** March 21, 2022<br>**Hearing Time:** 9:00 a.m.<br>**Courtroom:** 850<br>**Judge:** R. Gary Klausner |

Plaintiffs submit the following reply to ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.'s ("AIIC") Opposition to Motion to Strike Answer and Motion to Remand.

## I.

## **INTRODUCTION**

AIIC refused to defend its insured in an underlying construction defect action which was clearly covered under the policy of insurance issued by AIIC. After SKYAN was forced to file suit in state court, AIIC agreed to provide a defense and

the state court lawsuit was dismissed. Thereafter, however, AIIC abandoned its insured and, as of the date of this reply, still owes over $100,000 in fees and costs which had to be paid by the insured for its own defense.[1] SKYAN was therefore forced to file a second state court action seeking to compel AIIC to perform its obligations under the insurance policy and, as part of that filing, filed a motion to require AIIC to post a bond pursuant to California Insurance Code section 1616, et seq. AIIC filed an answer in state court and then removed the case to this Court and now contends that its answer was proper because it was not required to post a bond.

AIIC alleges that pursuant to Insurance Code section 1760(a), it meets an exception to the requirements that it post a bond under Insurance Code section 1620(b)(2). AIIC ignores the fact that even assuming it meets an exception to Insurance Code section 1616, the court has discretion to require a bond if there is a reasonable doubt as to the insurer's ability to satisfy a final judgment. That issue was specifically raised in the motion pending in the state court at the time of removal.

AIIC apparently contends that it, and not the court, can make the determination as to whether or not a bond is required under Insurance Code section 1620.

## II.
## ARGUMENT

### A. AIIC Should be Required to Post a Bond

Even assuming that AIIC meets one of the exceptions to Insurance Code section 1616's requirement that it post a bond, it is not up to AIIC to make the determination as to whether or not a bond can be required by the court pursuant

---

[1] AIIC contends that it has denied the allegations that it abandoned its insured but, in realty, it has not addressed those allegations in any meaningful fashion. Rather, it filed a general denial to the complaint in state court – a pleading which was not necessary prior to AIIC's removal of the action to this Court.

to Insurance Code section 1620(b).  That is precisely what AIIC did here, and now asks this Court to confirm.

While AIIC contends that it is well funded, they offer no explanation as to why they have abandoned SKYAN and required their insured to pay over $100,000 to defend itself in the underlying suit.  AIIC admitted that there is at least a potential for coverage under the policy when it accepted the defense – after its insured was forced to file suit – and yet has failed to pay substantial amounts incurred in defending SKYAN and has ignored all efforts to settle the underlying case.  Given the fact that it has been left to fend for itself, SKYAN is justified in questioning whether AIIC can or will (1) pay for the defense it has agreed to provide, or (2) pay any judgment which may be entered in the underlying case.

Perhaps more importantly for this motion is the fact that AIIC simply ignored the pending motion in the state court, and deprived the state court of the ability to decide on the issue of a bond requirement.  Instead AIIC simply filed a pleading in state court without posting a bond prior to removing the case to this Court.[2]

AIIC was certainly aware that SKYAN was requesting a bond, as a motion had been filed in the original state court action but was never heard because AIIC agreed to defend.  When the second action was required to compel AIIC to actually provide a defense, a motion to require a bond was not only filed but was served on AIIC with the complaint.  AIIC apparently decided that it, and not the court, was able to determine whether a bond was required and filed an answer despite the pending motion.

Based on the pending motion in state court and the fact that the court, and not AIIC, had discretion to determine whether a bond was required, the answer filed in state court should be stricken until a proper bond is posted.

---

[2] Once again, AIIC was not required to file an answer in state court prior to removal and apparently did so to avoid having to answer the specific allegations of the complaint under the Federal Rules of Civil Procedure.

SKY-001 | Skyan Reply re Mtn to Strike AIIC Answer 030722    -3-    22-cv-00613

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO STRIKE ANSWER AND MOTION TO REMAND

**B.     Remand is Proper**

AIIC also contends that Plaintiff's lawsuit is not about declaratory relief. The complaint, however, seeks, among other things, "a judicial declaration of rights, remedies, and obligations" of the parties. (Complaint at p. 7:25.) And, while the complaint also has causes of action for breach of contract and breach of the covenant of good faith and fair dealing, there can be no question that the overall purpose of the complaint is to make a coverage determination between an insurer and an insured. Such a case "is an archetype of what [the Ninth Circuit has] termed 'reactive' litigation, and accordingly the court is disinclined to exercise jurisdiction." Financial Indemnity Company v. Brooks, 2016 WL 626736 (C.D. Cal. 2016). As more fully set forth in the moving papers, this Court can, and should, decline jurisdiction where, as here, there is a clear state court procedural vehicle available for the adjudication of the coverage issues raised by the complaint.

## III.

## CONCLUSION

AIIC made its own determination that no bond was required pursuant to the California Insurance Code, despite the fact that a motion requesting the state court to make that decision had been filed. AIIC prefers to ignore the fact that the court has discretion to require a bond and now essentially asks this Court to confirm that its filing of an answer without a determination by the court as to whether or not a bond was required is proper. This Court should decline to do so and should strike the answer filed by AIIC.

In addition, this Court should decline to exercise jurisdiction over this insurance dispute and remand the case to state court.

/././
/././
/././
/././

Alternatively, the Court should require AIIC to post a bond to ensure that it will pay the damages required before proceeding further in this Court.

Dated: March 7, 2022                 SCHULZ BRICK & ROGASKI

By: */s/ Peter J. Schulz*
    Peter J. Schulz, Esq.
    Tommy U. Schroeder, Esq.
    Attorneys for SKYAN HOLDINGS LLC, SCOTT YANG and KELLY YANG