UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-00613-RGK (MRWx) | Date | March 7, 2022 |
|---|---|---|---|
| Title | ***SKYAN HOLDINGS, LLC et al v. ASSOCIATED INDUSTRIES INSURANCE CO.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

      On November 9, 2021, Skyan Holdings, LLC, Scott Yang and Kelly Yang ("Plaintiffs") filed a complaint against Associated Industries Insurance Company, Inc. ("Defendant") alleging Breach of Contract, Breach of the Implied Covenant, and Fraud. Plaintiffs allege that Defendant has breaching its duty to provide defense and indemnity in an underlying state court action. Specifically, among other things, Plaintiffs allege that Defendant has failed to respond or otherwise communicate with Plaintiffs regarding a policy limit offer of settlement in the underlying action.

      On January 27, 2022, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

      Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

      In their complaint, Plaintiffs seek declaratory relief, compensatory damages, attorneys fees and costs. In support of its removal, Defendant states that the complaint in the *underlying action* seeks damages in an undisclosed amount that Defendant "understands to be in excess of $1,000,000." (Notice of Removal, p. 2, lines 13-15.) Defendant then summarily states that with the addition of Plaintiff's prayer for costs of defense and attorneys' fees, the amount at issue in this action is in excess of $75,000. (*Id.* at p.2, lines 15-18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-CV-00613-RGK (MRWx) | Date | March 7, 2022 |
| Title | *SKYAN HOLDINGS, LLC et al v. ASSOCIATED INDUSTRIES INSURANCE CO.* | | |

However, in reviewing Defendant's Notice of Removal, the Court finds that Defendant fails to plausibly allege that the amount in controversy exceeds $75,000. Defendant has not provided any facts to support its "understanding" regarding the amount in controversy of the underlying action. Moreover, even if Defendant's understanding is accurate, Defendant does not address how the settlement offer in the underlying case affects the amount in controversy of the present case. Finally, Defendant's inclusion of attorneys' fees is speculative, at best.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

CC: Los Angeles Superior Court, 21STCV41213

|  | : |
|---|---|
| Initials of Preparer | jre / v |